IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANDRA F. DIXON, :

   Plaintiff, :

vs. : CA 03-0254-C

MICHAEL J. ASTRUE, :
Commissioner of Social Security,
                                                   :

   Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security terminating her entitlement to disability insurance benefits as of August, 1998. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 29 & 30 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . [] order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and

recommendation, the Commissioner's proposed report and recommendation, and the arguments of the parties at the November 19, 2007 hearing before the Court, it is determined that the Commissioner's decision terminating benefits should be affirmed.[1]

Plaintiff alleges continuing disability due to vertigo. The Administrative Law Judge (ALJ) made the following relevant findings:

> 1. The claimant was found "disabled" and granted a period of disability on December 9, 1994, and began receiving disability insurance benefits thereafter. (Exhibit 36).
>
> 2. The claimant's period of disability and disability insurance benefits were determined to have ceased as of June 1, 1998. (Exhibits 40 and 41).
>
> 3. As of June 1, 1998, the claimant possessed the medically determinable "severe" impairment of benign positional vertigo.
>
> 4. As of June 1, 1998, the claimant did not possess an impairment or combination of impairments, listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 5. The claimant's testimony regarding pain and functional limitations is not fully credible and consistent with respect to severity, given that a vast disparity exists between the underlying objective medical evidence and the alleged severity

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 29-30 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

of the claimant's symptoms; observations of the claimant by physicians that are inconsistent with her alleged symptomatology; and the claimant's unimpaired ability to understand, remember, and carry out simple and detailed job instructions.

6.   By June 1, 1998, the claimant regained the residual functional capacity to perform work activities at the sedentary level of exertion, without significant nonexertional limitations. This work capacity has not been prohibited or significantly altered by 12 month periods of impairment exacerbation since June 1, 1998.

7.   Based on her residual functional capacity, the claimant would have been unable to perform her past relevant work as a sewing machine operator during the relevant period at issue.

8.   The claimant was 39 years old at the time of the cessation of disability, which the Regulations define as a "younger person." (20 CFR § 404.1563(b)).

9.   The claimant has a "high school" education. (20 CFR § 404.1564).

10.   Based on the exertional capacity for sedentary work and the claimant's age, education and work experience, the framework of 201.27, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, supports a conclusion of "not disabled."

11.   Although the claimant has non-exertional limitations, vocational expert testimony supports the conclusion that a significant number of jobs exist that a person could perform who possessed the capacities and limitations expressed in the Administrative Law Judge's hypothetical question, and giving the claimant the benefit of the doubt, most closely parallels those of the claimant. Examples given were: clerical addresser, call out operator, food and beverage order clerk, and food sorter.

> 12. The claimant experienced significant medical improvement in her condition which was related to her ability to work, and her disability ceased as of June 1, 1998.

(Tr. 22-23; *see also* Tr. 562 ("The Administrative Law Judge notes that the claim file which was received from the Appeals Council and the District Court contains all of the documentary evidence previously considered in making the Ryan October 2000 cessation . . . decision in its entirety as well as the complete transcripts of the December 29, 1999 and July 11, 2000 hearings . . . . Consequently, the District Court's Remand Order has been fully complied with in reference to the Ryan October 2000 cessation decision. The Administrative Law Judge finds that the Ryan October 2000 cessation decision may be reinstated as the Appeals Council affirmed the decision, and the District Court did not disturb the decision on the merits. . . . After carefully considering all of the evidence of record, as well as the decision of the United States District Court for the Southern District of Alabama issued on September 2, 2003, the undersigned Administrative Law Judge finds that the Ryan October 26, 2000 cessation decision is due to be reinstated in its entirety.")) The Appeals Council affirmed the ALJ's decision (Tr. 513-514 & 552-554; *see id.* at 553 & 553-554 ("[T]he issue properly before [the] Administrative Law Judge was the issue of whether the claimant's disability continued. Because

the Social Security Administration was able to locate the claims file and the cassette recordings of the hearing proceedings held on December 29, 1999 and July 11, 2000, the record is complete. Accordingly, the Council affirms the findings of the Administrative Law Judge with respect to the issue of the claimant's appeal of the unfavorable decision issued on October 26, 2000 . . . . . Therefore, the Appeals Council hereby affirms the finding in the recommended decision issued on October 29, 2004 wherein it was determined that the claimant's disability ceased effective June 1, 1998 and that her entitlement to a period of disability and disability insurance benefits ended effective August 31, 1998, the end of the second month following the date her disability ceased. . . . It is the decision of the Appeals Council that the claimant's disability ceased effective June 1, 1998 and her entitlement to a period of disability and disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, as amended, ended effective August 31, 1998, the end of the second month following the month of disability cessation.")) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

The standard for termination of benefits in this circuit has long been

established. *See McAulay v. Heckler*, 749 F.2d 1500 (11th Cir. 1985).

> This court has held that there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability. *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982). Additionally, this court has held that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984).

*Id*. Plaintiff contends that the following errors were made in this case: (1) the ALJ erred in discrediting the findings of the treating physician; and (2) the ALJ erred in failing to properly apply the medical improvement standard.

During oral argument, plaintiff's attorney essentially combined the above issues; he argued that the ALJ improperly applied the medical improvement standard and in doing so improperly disregarded the treating doctor's opinion. It is plaintiff's contention that she introduced evidence, specifically the physical capacities evaluation form completed by her treating physician, Dr. A. Garrett Miller, on November 29, 1999 (Tr. 416), establishing that her condition at the time of cessation remained essentially the same as it was at the time of the earlier determination and, therefore, she is entitled to the presumption that her condition remains disabling. *See Williams v. Apfel*, 73 F.Supp.2d 1325, 1337 (M.D. Fla. 1999) ("'[O]nce the claimant has introduced evidence that his or her condition remains essentially the same as it was at the

time of the earlier determination, the claimant is entitled to the benefit of a presumption that his or her condition remains disabling[.]'"). Even if this Court was to agree with plaintiff that she is entitled to this presumption,[2] further inquiry is not foreclosed because *Williams* is clear that the

---

[2] In this case, plaintiff's attempt to tie this presumption to Dr. Miller's November 29, 1999 PCE must fail because that PCE was wholly conclusory and, therefore, properly was given no weight by the ALJ. In the Eleventh Circuit "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

> The ALJ must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error. We have found "good cause" to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records.

*Id.* (internal citations omitted). Miller's PCE indicates that plaintiff can perform no physical activity whatsoever (Tr. 416); this Court finds that the ALJ correctly determined that the findings on the PCE were conclusory and unsupported by Miller's own clinical findings. (*See* Tr. 19-20 ("The undersigned has also given careful consideration to the opinions of the claimant's treating physician Dr. Garret Miller as required by 20 CFR § 404.1527, and Social Security Rulings 96-2p and 96-5p. However, the undersigned finds that Dr. Miller lacks a credible medical basis upon which to justify his opinions that the claimant is physically unable to work. . . . Although Dr. Miller is the claimant's treating physician, his treatment notes do not contain any objective findings to substantiate his opinion of total disability. Furthermore, his opinion regarding the claimant's disability is directly contrary to those of Dr. Nayeem and Dr. Chalub and cannot be accepted as determinative because the issue of disability is an issue specifically reserved to the Commissioner. . . . A treating physician's report that is merely conclusionary (sic) or that is not supported by objective medical evidence may be discounted. . . . A treating physician's opinion may also be discounted if it is inconsistent with his own office notes and medical records . . . or if it is based on the self-report of a claimant with poor credibility.")) Nothing in Miller's many treatment notes from 1995 to the date of the ALJ's decision support his determination that plaintiff can perform no physical activities whatsoever in an 8-hour workday (*see* Tr. 341-362, 402-415, 430-437, 657-658, & 672-677); therefore, the ALJ properly rejected the treating physician's conclusory PCE dated November 29, 1999.

Commissioner has the opportunity, under a shifting burden analysis, to "'present evidence that there has been sufficient improvement in the claimant's condition to allow the claimant to undertake gainful activity.'" 73 F.Supp.2d at 1337, quoting *Daring v. Heckler*, 727 F.2d 64, 69 (3rd Cir. 1984).

> The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). . . . Even if the court finds that the evidence weighs against the SSA's decision, the court must affirm if the decision is supported by substantial evidence. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981); *see also Harwell v. Heckler*, 735 F.2d 1292 (11th Cir. 1984); *Martin v. Sullivan*, 894 F.2d 1520 (11th Cir. 1990).

*Williams,* 73 F.Supp.2d at 1337 & 1338.

In this case, the Court is constrained to find that there is substantial evidence in the record supporting the ALJ's determination that there was sufficient improvement in Dixon's condition to allow her to undertake gainful activity beginning in June of 1998. This evidence consists of the May 18, 1998 consultative examination performed by Dr. Mohammed A. Nayeem (Tr. 385-387) and the supporting consultative examinations performed by Dr. Elias Chalhub on January 25, 2000 (Tr. 421-423) and by Dr. C.E. Smith on August 23, 2000 (Tr. 440-445). Moreover, none of Dr. Garrett's clinical findings

(from 1995 through 2000) are contrary to the findings of the foregoing consultative physicians nor are they contrary to the ALJ's determination that Dixon's condition improved to the point that she was able to engage in gainful activity beginning in June of 1998. As the court made clear in *Williams, supra*, even if this Court was to find that the evidence weighs against the Commissioner's decision, it nonetheless must affirm the decision terminating benefits since the finding of medical improvement to the point of engaging in gainful activity is supported by substantial evidence. Because plaintiff raises no other issues and the vocational expert identified sedentary work that Dixon could perform in light of her impairments and limitations (*compare* Tr. 501-506 *with* Tr. 22-23), this Court **AFFIRMS** the Commissioner's decision terminating benefits effective August 1998.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security terminating plaintiff's entitlement to disability insurance benefits, effective August of 1998, be affirmed.

**DONE** and **ORDERED** this the 26th day of November, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**